UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EON INTERNATIONAL CORPORATION,

        Plaintiff,

v.

SAFECOMM PRODUCTS, LLC,

        Defendant.

**COMPLAINT**
Civil Case No.:

---

Plaintiff EON INTERNATIONAL CORPORATION ("EON"), by and through its attorneys, Hagerty & Brady, for its Complaint in the above-entitled action, alleges as follows, upon information and belief:

## THE PARTIES

1. Plaintiff EON INTERNATIONAL CORPORATION ("EON" or "plaintiff") is a limited liability business entity organized and existing under the laws of Japan, and maintains offices at Shin Aoyama Bldg., West 23rd Fl., 1-1, Minami-Aoyama 1-Chome, Minato-KU, Tokyo, 107-0062 Japan.

2. On information and belief, defendant SAFECOMM PRODUCTS, LLC ("SAFECOMM"), is a limited liability company organized and existing under the laws of the state of New York, and maintains

1

offices at 3221 Southwestern Boulevard, Suite 290, Orchard Park, New York 14127.

## JURISDICTION AND VENUE

3. This is an action seeking compensatory damages, consequential damages, attorney's fees and litigation costs based upon breach of contract and common law. Plaintiff purchased and prepaid for a substantial quantity of specialty goods from SAFECOMM pursuant to written purchase orders and oral instructions received and accepted by SAFECOMM. SAFECOMM then induced plaintiff into advancing additional funds to SAFECOMM's supplier in Italy, ostensibly to ensure the goods ordered from SAFECOMM would be shipped by critical deadlines. SAFECOMM then failed to ship goods that conformed to the parties' agreement and failed to ship goods by the applicable deadlines, breaching the parties' agreement. SAFECOMM's harmful acts described herein occurred in the State of New York, including the Western District of New York.

4. This Court has subject matter jurisdiction over this lawsuit pursuant to its diversity jurisdiction, 28 U.S.C. §1332, as EON is a citizen of Japan and SAFECOMM is a citizen of the United States and the State of New York, and the amount in controversy exceeds $75,000.

5. This Court also has subject matter jurisdiction over this lawsuit pursuant to federal question jurisdiction, 28 U.S.C. §1331, because this lawsuit arises under the United Nations Convention on the International Sale of Goods ("CISG"), an international treaty ratified by the United States.

6. Venue is proper in the Western District of New York pursuant to 28 U.S.C. §1391(b)(1), as the defendant resides within the Western District of New York.

## FACTUAL ALLEGATIONS

7. EON is a supplier to public and private customers in Japan of sophisticated aviation, security, and law enforcement-related products. Between September and December 2016, EON was awarded several contracts (the "Contracts") to supply first responder fire and police organizations in Japan with sophisticated flight helmets containing specific communications equipment and related components. The Contracts contained specific deadlines for delivery to the customers in Japan.

8. In or about October and December 2016, SAFECOMM provided written invoice quotations (the "Invoices") to plaintiff for the required helmets, providing that SAFECOMM would obtain the helmets from Northwall SRL, of Italy, install SAFECOMM communications equipment and related components, and ship the completed helmets to plaintiff in Japan.

SAFECOMM's terms required plaintiff to prepay all costs of goods and all shipping costs.

9. Pursuant to SAFECOMM's Invoices, EON issued five (5) Purchase Orders to SAFECOMM (the "PO's") between October 14, 2016 and December 15, 2016 for Northwall flight helmets equipped with specific SAFECOMM communications equipment and related technical components, as stated in SAFECOMM'S Invoices. Plaintiff prepaid SAFECOMM approximately $81,731.00 for the goods, prepaid third party carriers all costs to ship the goods to Japan, and required that SAFECOMM deliver the goods to the carriers so they would arrive in Japan by specified dates in December 2016 and January and March 2017.

10. SAFECOMM acknowledged and accepted plaintiff's PO's by email and other correspondence and by accepting all amounts remitted by plaintiff as prepayment. The PO's and SAFECOMM's Invoices indicate the specifications of all goods described therein, including specific details related to the subject helmets and communications equipment.

11. In or about January 2017, plaintiff learned that Northwall had not shipped the desired helmets to SAFECOMM because SAFECOMM had not paid Northwall. Shortly thereafter, SAFECOMM confirmed to plaintiff that SAFECOMM had not paid Northwall and had not obtained the

helmets. SAFECOMM requested that plaintiff advance funds to Northwall on SAFECOMM's behalf.

12. Concerned about its delivery commitments to its customers in Japan, plaintiff advanced payment of approximately €13,545 (approx. US $17,000) to Northwall on SAFECOMM'S behalf, even though plaintiff had already prepaid SAFECOMM for all goods and related shipping charges.

13. Notwithstanding SAFECOMM's written commitments and plaintiff's advance of funds to Northwall, SAFECOMM failed and refused to deliver compliant helmets to plaintiff as it had agreed. Rather, helmets delivered by SAFECOMM arrived late and/or with non-conforming communication components and other features and/or without proper assembly of the communication components.

14. Upon receipt of the late delivered and non-conforming goods, plaintiff promptly notified SAFECOMM of the breach of SAFECOMM's obligations, and demanded the breach be remedied. However, SAFECOMM failed and refused to do so.

15. Due to SAFECOMM's failure and refusal to remedy its breaches, as described above, plaintiff was compelled to perform repairs and corrections to some of the helmets in an attempt to make them conform to the PO's. This caused plaintiff to undertake considerable time and expense.

16. Due to SAFECOMM's failure and refusal to remedy its breaches, including its failure to timely deliver conforming goods, plaintiff's Contracts with fire and first responder organizations (as described above) were terminated, causing plaintiff significant financial damage as well as a loss of reputation.

17. Due to SAFECOMM's failure and refusal to remedy its breaches, including its failure to timely deliver conforming goods, plaintiff was barred from receiving any contracts or orders from the subject first responder customers in Japan for a period of two (2) years, from March 2017 to March 2019.

18. At the time SAFECOMM provided plaintiff with invoices for the above-described helmets, SAFECOMM had sufficient experience with the law enforcement and first responder market in Japan such that it was reasonably foreseeable to SAFECOMM that a failure to supply helmets conforming to the agreed-upon specifications would result in plaintiff's being barred as a supplier to first responder organizations in Japan.

19. Moreover, plaintiff reminded SAFECOMM via numerous emails in November and December 2016 that certain helmets had to be delivered before Christmas, that plaintiff's customers intended to use the helmets in a New Year's parade, and that failure to timely deliver the helmets

would be extremely damaging to plaintiff. In addition, by emails in January and February 2017, SAFECOMM was reminded that plaintiff would suffer penalties including loss of future orders if helmets were not timely delivered.

20. Plaintiff has demanded SAFECOMM reimburse plaintiff all amounts plaintiff advanced to Northwall on SAFECOMM's behalf and all amounts expended by plaintiff in an attempt to make the helmets compliant with the Contracts and PO's, but SAFECOMM has failed and refused to do so.

### FIRST CLAIM FOR RELIEF
**Breach of Contract**

21. Plaintiff hereby realleges paragraphs 1 through 21 above as if set forth here in full.

22. Plaintiff and SAFECOMM entered into Purchase Orders whereby plaintiff agreed to purchase customized goods from SAFECOMM and prepaid substantial sums for such goods, and SAFECOMM agreed to ship conforming goods to plaintiff by specific dates.

23. SAFECOMM breached its agreements with plaintiff by failing to provide conforming goods and by failing to ship goods to plaintiff by the specified dates.

24. SAFECOMM also breached its agreements with plaintiff by failing and refusing to return to plaintiff the funds plaintiff advanced to Northwall on SAFECOMM'S behalf.

25. As a direct and proximate result of SAFECOMM's breach of its agreements as described above, plaintiff suffered direct and consequential financial damages in an amount to be proved at trial, which amount plaintiff alleges is not less than $90,000.00.

26. As a further direct and proximate result of SAFECOMM's breach of its agreements as described above, plaintiff suffered consequential damages in that plaintiff was barred from providing goods to its first responder customers in Japan for a period of up to two years. Plaintiff suffered such damages in amounts to be proved at trial, which amounts plaintiff alleges are not less than $1 million.

### SECOND CLAIM FOR RELIEF
### Unjust Enrichment

27. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein.

28. After plaintiff had fully prepaid SAFECOMM for the costs of the goods and shipping, as described above, SAFECOMM requested that plaintiff advance funds to Northwall on SAFECOMM's behalf.

29. Plaintiff advanced approximately $17,000 to Northwall on SAFECOMM's behalf, and SAFECOMM has failed and refused to reimburse Plaintiff for this expense.

30. As a result, SAFECOMM has been unjustly enriched at Plaintiff's expense.

### THIRD CLAIM FOR RELIEF
**Conversion**

31. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 30 above as if fully set forth herein.

32. As described above, Plaintiff prepaid to SAFECOMM all amounts due pursuant to SAFECOMM's invoices and Plaintiff's PO's, including shipping charges. This prepaid amount included the amount SAFECOMM was required to pay Northwall to obtain the helmets pursuant to the invoices and PO's.

33. However, SAFECOMM converted those monies that were intended to pay Northwall. As a result, in or about December 2016 and at SAFECOMM's request, plaintiff advanced approximately $17,000 to Northwall on SAFECOMM'S behalf in a desperate attempt to ensure SAFECOMM's required performance pursuant to the PO's.

34. Plaintiff owns and has the right to possess all such funds prepaid to SAFECOMM that were intended to be paid to Northwall as

9

described above, and SAFECOMM has no rights whatsoever to such funds. Nevertheless, SAFECOMM has wrongfully refused to return such funds to plaintiff, inconsistent with plaintiff's property rights in this regard.

35. Plaintiff has demanded that SAFECOMM return the above-mentioned funds to plaintiff, but SAFECOMM has failed and refused to do so.

36. SAFECOMM has wrongfully and unlawfully deprived plaintiff of the ownership, possession, use and enjoyment of the property described above, causing plaintiff financial damage in amounts to be proved at trial, which amounts plaintiff asserts are not less than US$17,000.00.

WHEREFORE, plaintiff prays that it be awarded:

(a) compensatory damages according to proof on its First Claim for Relief, estimated to be not less than $90,000.00, and consequential damages according to proof;

(b) compensatory damages according to proof on its' Second Claim for Relief, estimated to be not less than $17,000.00;

(c) compensatory damages according to proof on its Third Claim for Relief, estimated to be not less than $17,000.00;

(d) all costs of suit herein;

(e) attorneys' fees according to proof and as provided by applicable law; and,

(f)     such other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.

DATED:   June 10, 2019
         Buffalo, New York

                                **HAGERTY & BRADY**

                                *s/Michael A. Brady*
                                **MICHAEL A. BRADY, ESQ.**
                                **DANIEL J. BRADY, ESQ.**
                                69 Delaware Ave. Suite 1010
                                Buffalo, NY 14202
                                (716) 856-9443 office
                                (716) 856-0511 fax
                                mbrady@hagerty-brady.com
                                dbrady@hagerty-brady.com

                                **LAW OFFICE OF DAVID HABIB**
                                **DAVID J. HABIB, JR.**
                                2835 Townsgate Road, Suite 102
                                Westlake Village, CA 91361
                                Phone: (805) 494-7393
                                Fax:   (805) 379-0345
                                davidh@habiblaw.com
                                Attorneys for Plaintiff
                                EON INTERNATIONAL
                                CORPORATION