UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EON INTERNATIONAL CORPORATION,

        Plaintiff,

v.

SAFECOMM PRODUCTS, LLC,

        Defendant.

Civil Case No.: 19-CV-764

DECLARATION OF DANIEL J. BRADY IN OPPOSITION TO MOTION TO VACATE

---

    Daniel J. Brady, Esq., declares, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    I am an attorney at law, duly licensed to practice in the State of New York and a member of the firm of Hagerty & Brady, attorneys for Plaintiff EON International Corporation ("EON"). I have personal knowledge of the facts and circumstances set forth herein.

    2.    I submit this declaration in opposition to the motion of Defendant Safecomm Products, LLC ("Safecomm") to vacate the default entered by the Clerk on October 9, 2019.

    3.    For the Court's awareness, Kathryn Blizniak is, according to her declaration, the sole member of Safecomm, while her husband, Albert "Sonny" Hawkins, was the only employee of Safecomm with whom EON had any

1

contact. As a result, Mr. Hawkins (Ms. Blizniak's husband and apparent business partner) is referred to throughout EON's opposition.

4. Safecomm's motion to vacate is premised upon its supposed lack of awareness of this lawsuit and the Clerk's entry of default. Indeed, Ms. Blizniak seems to suggest that Safecomm was innocently unaware of this dispute until very recently.

5. However, as set forth below and in the accompanying Declarations of Douglas DiFilippo and Karen Kmiotek, Safecomm's default in this matter has been deliberate and willful and should not be excused by this Court.

6. On December 18, 2017, well before this lawsuit was commenced, and importantly, well before Ms. Blizniak claims Safecomm (a still active New York State limited liability company) stopped monitoring its 3221 Southwestern Boulevard address (its only known business address), EON's counsel, Mr. David Habib sent a settlement demand regarding this dispute to Mr. Albert "Sonny" Hawkins at Safecomm's Southwestern Boulevard address by First Class Mail and email. (Ms. Blizniak and Mr. Hawkins are husband and wife and are in business together.) That correspondence, a copy of which is attached as **Exhibit A**, was never returned or acknowledged.

7. However, Mr. Hawkins did acknowledge receipt of Mr. Habib's email putting him and Safecomm on notice of this dispute on December 18, 2017. A copy of the email reflecting this acknowledgment is attached as **Exhibit B**.

8. In addition, as set forth in the accompanying declaration of Hagerty & Brady legal assistant Karen Kmiotek, Mr. Hawkins was alerted by fax received at his other business, Tiger Performance, that EON was imminently going to sue Safecomm in federal court. The fax transmission shows that Mr. Hawkins even received a copy of the draft complaint in this action in May 2019.

9. Thus Ms. Blizniak's suggestion that she had no reason to be monitoring mail for Safecomm—a still active New York limited liability company—is utterly without merit.

10. I hereby incorporate the affidavits of service of the Summons and Complaint and the Clerk's Entry of Default (Dkt.# 5, 7), which show yet additional instances of service—both to its registered agent and its only known business address—on Safecomm in this matter.

11. As demonstrated by the above and by the accompanying declarations of Karen Kmiotek and Douglas Difilippo, Safecomm's default in this matter is not the result of mere negligence but the result of a willful,

3

deliberate, and at times hostile course of conduct aimed at evading service beginning nearly three years ago.

12. Further, as explained in more detail in the accompanying Memorandum of Law, Safecomm's motion fails to establish a meritorious defense.

13. Finally, as can be further demonstrated should the Court request a supplemental submission, EON has had to expend significant attorney resources and disbursements as a result of Safecomm's default, including but not limited to research of Safecomm and the location of its employees and principals, the costs of service of process, and EON's motion for default judgment.

14. In light of the above and for the reasons explained in the accompanying Memorandum of Law, this Court should deny Safecomm's motion and enter judgment against Safecomm in the amount of $159,953.40.

DATED:   November 18, 2020
           Buffalo, NY

                                              s/ Daniel J. Brady
                                              Daniel J. Brady