UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EON INTERNATIONAL CORPORATION,

       Plaintiff,

                                      Case No. 19-CV-764

v.


SAFECOMM PRODUCTS, LLC,

       Defendant.

---

**<u>MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION
TO VACATE THE ENTRY OF DEFAULT</u>**

---

Daniel J. Brady, Esq.
Michael A. Brady, Esq.
HAGERTY & BRADY
Attorneys for Plaintiff
69 Delaware Avenue, Suite 1010
Buffalo, NY 14202
(716) 856-9443

## INTRODUCTION

Plaintiff EON International Corporation ("EON") respectfully submits this Memorandum of Law in Opposition to the motion of Defendant Safecomm Products, LLC ("Safecomm) to vacate the entry of default.  As set forth below, although default is a severe measure, it is warranted in this case because of Safecomm's willful and deliberate default.

## ARGUMENT

In its motion, Safecomm accurately sets forth the standard for evaluating a motion to set aside an entry of default under Rule 55(c): the court weighs three factors: "(1) the willfulness of the default; (2) the prejudice to the adversary if the default is set aside; and (3) whether the defendants present a meritorious defense."  *Pettitt v. Chiari & Ilecki, LLP*, No. 17-CV-640S (W.D.N.Y. Nov. 19, 2017).  However, under Second Circuit precedent, the court need not find that all three factors have been met in order to enter or maintain default.

In fact, the Second Circuit has emphasized that whether a defendant's default is "willful" is the most important factor that a district court must consider on a motion to vacate.  *See De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013). "Of [the] factors, willfulness carries the most weight." Indeed, willfulness *alone* may support denial of a motion to vacate.  *See Jaramillo v. Vega*, 675 F. App'x 76 (2d Cir. 2017) ("A court need not consider all three criteria, however,

because its determination that the default was willful is sufficient to support the denial of a motion to vacate.").

When considering willfulness, "[a] finding of *bad faith is not a necessary predicate* to the conclusion that a defendant acted 'willfully.'" *Gucci Am., Inc. v. Gold Center Jewelry*, 158 F.3d 631, 635 (2d Cir.1998) (emphasis added). Instead, "the boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters Fund v. HW Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003). For example, the Second Circuit found willfulness when defendants "purposely evaded service for months before alternative service was authorized." *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 244 (2d Cir. 1994).

In this matter, Safecomm's default is willful and actually does rise to a level of bad faith. EON first put Safecomm on notice of this dispute nearly three years ago, in a December 2017 letter sent from its counsel to Albert "Sonny" Hawkins at its only known address, i.e., 3221 Southwestern Blvd in Orchard Park. Then, in May 2019, Safecomm, through its counsel of record, sent Safecomm an additional notice of an impending lawsuit, and even included a draft complaint. This letter was delivered by fax to Tiger Performance—Mr. Hawkins' other business—after EON's counsel's legal assistant was hung up on

after asking for Mr. Hawkins and/or Safecomm.  At that point, in May 2019, Safecomm was inarguably aware that it was about to be sued in federal court.  It had a heightened duty at that time to monitor for any service of process at its *only known* address, and a duty to be in contact with its registered agent for service of process, attorney Norman Bennet.

Safecomm does not dispute that the Summons and Complaint were properly served through the New York Secretary of State. Instead, Safecomm tries to brush off its default by telling this Court that it was "not cognizant" of the registered agent it had on file with the Secretary of State, and that it had not used the services of its registered agent and had no contact with him in five years. Further, Safecomm claims that it did not bother to monitor the "UPS mailbox during most of 2019 and 2020."  That Safecomm would fail to monitor its *only known* address for service of process when it had been alerted to an imminent lawsuit in federal court—and had even been provided a draft complaint—can only be interpreted as a deliberate attempt to avoid service.

Indeed, it is well settled that "[a] defendant's unexplained failure to keep the Secretary of State apprised of its current address over a significant period of time [does] not constitute a reasonable excuse [for default]." *Cruz v. Keter Residence, LLC*, 115 A.D.3d 700, 701 (2d Dep't 2014).  What's more, New York State Limited Liability Company Law § 301(e), requires every LLC in the state

to "biennially…file on forms prescribed by the secretary of state, a statement setting forth the post office address within or without this state to which the secretary of state shall mail a copy of any process accepted against it served upon him or her." *Id.* When a defendant fails to comply with this statute, the Court can infer a deliberate attempt to avoid service. *See Cruz*, at 701 ("for a period of more than five years, the defendant failed to file, with the Secretary of State, the required biennial form that would have apprised the Secretary of State of its current address (see Limited Liability Company Law § 301 [e]). Under these circumstances, the defendants' failure to personally receive copies of the summons and complaint was a result of a deliberate attempt to avoid notice of actions commenced against it.").

Thus, Safecomm's outright admission that it violated New York State Liability Law § 301(e) for at least five years is itself enough for the Court to find willfulness. Yet it is far from the only evidence of willfulness.

As set forth in the Declaration of Douglass DiFilippo, Ms. Blizniak and her husband Sonny Hawkins attempted to avoid service with a combination of evasiveness, falsehoods, and outright hostility. First, at Tiger Performance, Ms. Blizniak claimed that she had never heard of Safecomm or Sonny Hawkins, *her own husband*. Then, when Mr. DiFilippo served her with process at her home, she yelled at him to "get a real job" and threw the process in the garbage. This

4

was on September 3, 2020, weeks after Ms. Blizniak claims to have first received notice of this lawsuit in "August 2020."   Even then, Safecomm waited an additional two months, until November 4, 2020, to move this Court to vacate the entry of default.

Courts appropriately decline to vacate defaults in circumstances such as these, where the defendant indisputably has notice of the lawsuit yet openly flouts service of process.   Indeed, in a recent Northern District of New York case, the defendant, in conduct similar to that of Ms. Blizniak and Safecomm, "knew of the ongoing action against him, but ridiculed Plaintiffs' legal efforts online while deliberately evading service by fleeing in his car when approached by process servers." *Weitsman v. Levesque*, No. 3:17-CV-00727 (N.D.N.Y. April 25, 2018).   The Court found willfulness on the part of the defendant (who was pro se and therefore subject to an even more lenient standard than is applicable here) and entered a default judgment.

Safecomm's course of conduct over the past three years has been one of evasion at all costs. It ignored multiple notices sent prior to this suit being filed, including being provided a draft complaint on the eve of filing of this lawsuit.   It violated New York State Limited Liability Company law and failed to provide the Secretary of State with an accurate address for at least five years.   In spite of being alerted that it was imminently going to be sued, it claims to this Court that

it simply failed to check its mailbox on Southwestern Boulevard—its only known address—for a year or more.  Then, faced with a process server, its apparent sole member claimed to have never heard of Safecomm or her husband, Sonny Hawkins, before becoming belligerent and ridiculing him for his line of work.  Safecomm has openly flouted legal process, and this Court should not condone such wrongdoing.  The Court should find Safecomm's default to be willful and decline to vacate the default on this basis alone.

As to the second factor to be considered on a motion to vacate a default, the Second Circuit has held that whether a meritorious defense is presented is "measured not by whether there is a likelihood that it will carry the day," but whether that defense would "if proven at trial constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. In its motion, Safecomm does not dispute that EON contracted with it to purchase helmets for use in Japan. Importantly, Safecomm admits that EON's purchases were delayed, as alleged in the Complaint.  However, Safecomm points the finger at Northwall as the entity truly responsible for the delays.  This has no bearing on Safecomm's liability to EON.  Basic principles of contractual privity establish that EON may look to Safecomm to make it whole for Safecomm's admitted breaches.  Safecomm in turn may look to Northwall to make it whole, as it had an "authorized distribution agreement" with Northwall. However, Northwall's alleged

6

breaches of its contract with Safecomm do not alleviate Safecomm of its contractual duties to EON, and Safecomm has therefore failed to provide a meritorious defense.

As to the final factor, prejudice to the plaintiff, courts consider "the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy, resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." *Swarna v. Al-Awadi*, 622 F.3d 123,142 (2d Cir. 2010). In this case, Safecomm, though still an active limited liability company, appears to be at this point little more than a mailbox at a UPS store.  EON faces prejudice in that evidence relevant to this lawsuit may well have been lost or destroyed in the time since the lawsuit was filed more than a year ago.

Lastly, should this Court grant Safecomm's motion, despite the evidence of its willful avoidance of process, it should impose reasonable conditions, including the reasonable attorneys' fees and costs incurred by EON as a result of the default. As explained in the Brady Declaration, EON has been forced to expend significant attorney resources and disbursements as a result of Safecomm's default.  The Second Circuit has held that, "[i]n determining whether to exercise its discretion to set aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid

7

undue prejudice to the opposing party." *Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 647 (S.D.N.Y. 2018) (citing *Powerserve Int'l v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001)). A district court has "substantial flexibility" in fashioning an appropriate remedy. *Id*. (citing *Nat. Organics, Inc. v. TRC Nutritional Labs., Inc.*, No. 08-cv-3644, 2009 WL 2957816, at *2 (E.D.N.Y. Sept. 10, 2009)). "One such condition that is routinely imposed is the requirement that the defaulting party reimburse the plaintiff its reasonable attorneys' fees and costs incurred as a result of the default." *Id*. (listing cases). *Car-Freshner Corporation v. Scented Promotions, LLC*, No. 5:19-CV-1158 (N.D.N.Y. March 12, 2020).

## CONCLUSION

For the reasons set forth above and in the accompanying declarations, this Court should deny Safecomm's motion to vacate the default in this matter. If the Court decides to grant the motion, it should attach reasonable conditions to any vacatur, including requiring Safecomm to reimburse EON for reasonable attorney's fees and costs incurred as a result of its default.

DATED:   November 18, 2020
         Buffalo, NY

                              Respectfully Submitted,

                              */s/ Daniel J. Brady*

Daniel J. Brady, Esq.
Michael A. Brady, Esq.
HAGERTY & BRADY
69 Delaware Ave. Suite 1010
Buffalo N.Y. 14202
(716) 856-9443 office
(716) 856-0511 fax
dbrady@hagerty-brady.com

*Attorneys for Plaintiff*